# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )

v.      )      **I.D. No. 1302010375**

DAYMON WINCKLER,      )      **Cr. A. Nos. IN13-02-0818, etc.**
     Defendant.      )

Submitted: March 14, 2019
Decided: March 20, 2019

## ORDER

*Upon Defendant Daymon Winckler's Request for a Certificate of Eligibility
to File Under 11 Del. C. § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d),*
**DENIED.**

This 20th day of March, 2019, upon consideration of the Defendant Daymon Winckler's Request for a Certificate of Eligibility (D.I. 48), the Attorney General's response thereto (D.I. 49), and the record in this matter, it appears to the Court that:

## A. **Winckler's Indictment, Plea, and Sentence.**

(1) On February 18, 2013, a New Castle County grand jury indicted Winckler for one count of Murder in the Second Degree, three counts of Reckless Endanger in the First Degree, four counts of Possession of a Firearm During the Commission of a Felony (PFDCF), one count of Possession of a Firearm by a Person Prohibited.[1]

---

[1] Indictment, *State v. Daymon Winckler*, ID No. 1302010375 (Del. Super. Ct. Feb. 18, 2013) (D.I. 1).

(2)     At the time he committed these crimes, Winckler had at least three prior felony convictions and was, therefore, a habitual criminal offender.[2]

(3)     On May 22, 2014, Winckler pleaded guilty to one count of Reckless Endangering in the First Degree and one PFDCF count.[3]  He did so in exchange for dismissal of the remaining charges and the State's favorable sentencing recommendation (a cap of 15 years imprisonment).[4]

(4)     Winckler's sentencing occurred a few months later, on October 10, 2014, after a pre-sentence investigative report was prepared and the State had filed a habitual criminal petition on the reckless endangering count.[5]  For that first-degree reckless endangering conviction, Winckler was sentenced to ten years of imprisonment be served under the provisions of the then-extant Habitual Criminal Act.[6]  For the PFDCF offense, Winckler was sentenced to a consecutive five-year

---

[2]     *See* DEL. CODE ANN. tit. 11, § 4214(a) (2012) (providing that a person who has been thrice previously convicted of a felony and is thereafter convicted of another felony may be declared a habitual criminal).

[3]     Plea Agreement and TIS Guilty Plea Form, *State v. Daymon Winckler*, ID No. 1302010375 (Del. Super. Ct. May 22, 2014) (D.I. 32).

[4]     *Id.*

[5]     D.I. 33 and 34.

[6]     Sentencing Order, *State v. Daymon Winckler*, ID No. 1302010375 (Del. Super. Ct. Oct. 10, 2014).   Winckler's sentence has since been modified to require him to complete the Key rehabilitation program while incarcerated. *See* D.I. 41.

term of incarceration.[7] Winckler's sentencing order notes that his habitual criminal sentence has an effective date of February 20, 2013.[8]

## B. **Winckler's Post-Sentence Efforts to Reduce His Sentence.**

(5)     Winckler filed no direct appeal from his convictions or sentence. But he has filed several requests—some successful, some not—to reduce, modify, or clarify his sentence.[9]

(6)     Winckler has now requested a certificate of eligibility to file a petition seeking exercise of the Court's jurisdiction to modify his sentence under 11 *Del. C.* § 4214(f).[10] The Attorney General has responded.[11] And the Court has carefully considered the parties' positions on whether Winckler can be granted a certificate of eligibility. He cannot.

---

[7]     *Id.*

[8]     *Id. See McNair v. State*, 2011 WL 768639, at *1 (Del. Mar. 4, 2011) ("Under DEL. CODE ANN. tit. 11, § 3901(b) and (c), a defendant must be credited with all Level V time served in default of bail either by 'backdating' the effective date to the date of incarceration or by crediting the defendant with the time served.").

[9]     *See* D.I. 35-47.

[10]     D.I. 48; Del. Super. Ct. Spec. R. 2017-1(c)(2), (3).

[11]     D.I. 49; Del. Super. Ct. Spec. R. 2017-1(c)(5) (providing that the Attorney General shall file a written response to a request for certificate of eligibility).

## C. **Winckler Does Not Meet § 4214(f)'s Type-of-Sentence Requirement.**

(7)    The first eligibility requirement an inmate must meet to gain sentence relief under 11 *Del. C.* § 4214(f) is the type-of-sentence requirement.[12]  Winckler does not meet this requirement because the ten-year incarcerative term for his felony reckless endangering conviction was imposed solely within his sentencing judge's discretion. [13]

(8)    When Winckler was sentenced for first-degree reckless endangering as a habitual offender, § 4214(a) provided a habitual offender could receive a sentence of up to life imprisonment and would "receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this Title for the fourth or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal except that this minimum provision shall apply only when the fourth or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title."[14]  The statutory maximum penalty for reckless

---

[12]    DEL. CODE ANN. tit. 11, § 4214(f) (2018) (providing that an inmate must be serving a sentence imposed upon him as "an habitual criminal [that is] a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to 4214(a) of this title, or a life sentence pursuant to 4214(b) of this title prior to July 19, 2016").

[13]    DEL. CODE ANN. tit. 11, § 4214(a) (2012) (any person sentenced under then-existing § 4214(a) had to receive a minimum sentence of not less than the statutory maximum penalty otherwise provided for any fourth or subsequent Title 11 violent felony that formed the basis of the State's habitual criminal petition; but the Court could, in its discretion, impose upon any habitual criminal a sentence anywhere between that minimum and natural life for any triggering felony).

[14]    DEL. CODE ANN. tit. 11, § 4214(a) (2012).

-4-

endangering first degree, the violent felony[15] that formed the basis of the State's petition to declare Winckler a habitual offender, was five years at Level V incarceration.[16] So for that count, Winckler faced a sentence ranging anywhere from five years to life imprisonment.[17] Because the sentencing judge exercised her discretion under § 4214(a) to sentence Winckler to ten years of imprisonment instead of five years at Level V incarceration, Winckler did not receive "a minimum sentence of not less than the statutory maximum penalty for a violent felony."[18] And he, therefore, does not meet § 4214(f)'s type-of-sentence eligibility requirement.[19]

---

[15]     DEL. CODE ANN. tit. 11, § 4201(c) (2012) (classifying Reckless Endangering in the First Degree as a violent felony).

[16]     DEL. CODE ANN. tit. 11, § 604 (2012) (defining Reckless Endangering in the First Degree as a class E felony); *id.* at § 4205(b)(5) (providing punishment for class E felony was "up to 5 years to be served at Level V").

[17]     *See* n.14, *supra.*

[18]     DEL. CODE ANN. tit. 11, § 4214(f) (2018).

[19]     *See Clark v. State,* 2018 WL 1956298, at *3 (Del. Apr. 24, 2018) ("a minimum sentence of not less than the statutory maximum penalty for a violent felony" means the inmate must have received *the* minimum sentence a judge was constrained to impose under the prior version of the Habitual Criminal Act, and so, where a sentencing judge exercised his or her discretion to impose greater than the minimum required under pre-2016 § 4214(a), the inmate cannot seek modification under § 4214(f)); *Durham v. State,* 2018 WL 2069057, at * 1 (Del. May 2, 2018) (same); *State v. Williams,* 2018 WL 2938313, at *2 (Del. Super. Ct. June 8, 2018) (same); *State v. Alley,* 2018 WL 5013526 (Del. Super. Ct. Oct. 16, 2018) (same).

**NOW, THEREFORE, IT IS ORDERED** that Defendant Daymon Winckler's Request for a Certificate of Eligibility is **DENIED**; he may not file a petition seeking exercise of this Court's jurisdiction to modify his sentence under 11 *Del. C.* § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d).

Paul R. Wallace, Judge

Original to Prothonotary

cc:  Hon. Mary M. Johnston
Annemarie H. Puit, Chief Prosecutor, NCCo.
Gregory E. Smith, Deputy Attorney General
Michael C. Heyden, Esquire